NO. 07-05-0298-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MAY 9, 2006

_____

JERMAINE E. GARMON,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2004-406,266; HON. JIM BOB DARNELL, PRESIDING

_____

***ON ABATEMENT AND REMAND***

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Jermaine E. Garmon appeals from his conviction of possession with intent to deliver a controlled substance (cocaine) in an amount less than 200 grams but at least four grams.  He was convicted upon an open plea of guilty after denial of his motion to suppress and sentenced to 45 years confinement.

Appellant's counsel has filed a motion to withdraw together with an *Anders*[1] brief wherein he certified that, after diligently searching the record, the appeal was without merit. After review of appellant's *pro se* brief and our own independent review of the record, we abate the cause and remand the proceeding for the appointment of new counsel.

The facts show that appellant was under arrest for an unrelated offense when he requested to return to his residence to use the bathroom. The officer accompanied appellant and, without offering any *Miranda* warnings, asked appellant if "there was anything illegal, anything [the officer] should know about inside the residence . . . ." Appellant allegedly directed the officer to a laundry hamper where marijuana was discovered. The officer then purportedly asked for consent to search the house which was allegedly given. During that search, the cocaine which is the subject of this proceeding was found in the laundry hamper in which the marijuana was also discovered in response to the officer's question. While appellate counsel discussed whether the consent[2] was voluntary, appellant contends that he was initially interrogated while in custody without having received the proper warnings. Out of an abundance of caution, we conclude that evaluation of this contention is necessary before we determine if the appeal is frivolous.

Having found an arguable ground for appeal, we abate the appeal and remand the cause to the 140th District Court of Lubbock County. *See Stafford v. State,* 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Upon remand, the trial court shall appoint an attorney to represent appellant in this appeal. The trial court shall further order the newly appointed

---

[1] *Anders v. California,* 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d (1967).

[2] It is not clear whether the consent being discussed is the remark to look in the laundry hamper or the consent to search the house.

counsel to file an appellant's brief, as per the Texas Rules of Appellate Procedure, developing the aforementioned arguable ground and any other grounds that might support reversal or modification of the judgment. The deadline for filing appellant's brief with the clerk of this court is June 10, 2006. Thereafter, any responding brief which the State may care to submit shall be filed within 30 days after the filing of appellant's brief. Finally, the trial court shall cause the name, address, and state bar number of the newly appointed counsel to be included in a supplemental transcript which transcript shall be filed with the clerk of this court by June 10, 2006.

Accordingly, counsel's motion to withdraw is granted, and the appeal is remanded to the trial court for further proceedings.

Per Curiam

Do not publish.